IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

LUZ BUITRAGO,

Plaintiff,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

Defendant.

---

**NOTICE OF REMOVAL**

---

The Defendant, Allstate Fire and Casualty Insurance Company ("Allstate"), through its attorneys, Tucker Holmes, P.C., submits, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the following Notice of Removal to the United States District Court for the District of Colorado. In support thereof, Defendant states:

1. On July 5, 2018, The Corporation Company, as registered agent for Defendant, was served with Plaintiff's Complaint filed in the District Court, Arapahoe County, State of Colorado, captioned, *Luz Buitrago, v. Allstate Fire and Casualty Insurance Company*, case number 2018CV31449. (See, *Return of Service*, attached hereto as **Exhibit A**.)

2. Plaintiff, Luz Buitrago filed her Complaint in Arapahoe County District Court on or about June 19, 2018. (See, *Complaint*, attached hereto as **Exhibit B**.)

3. This Court has jurisdiction over this action under 28 U.S.C. §1332, and this action is removable under 28 U.S.C. §1441(b) because this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Removal is appropriate here because there is complete diversity between the parties. "For the purposes of federal jurisdiction, an individual's state citizenship is equivalent to domicile. To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Smith v Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006.) At all relevant times, Plaintiff was a citizen of the State of Colorado. (See **Exhibit B**, ¶ 1.)

5. A copy of the Summons and Civil Case Cover Sheet served on Defendant are attached hereto as **Exhibit C** and **Exhibit D**.

6. For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1). At all relevant times, Defendant was a foreign corporation, incorporated in, and with its principal place of business in the State of Illinois. Defendant is now and was at all relevant times a citizen of the State of Illinois for purposes of diversity jurisdiction.

7. The underlying event for this case is a motor vehicle accident involving Plaintiff on January 19, 2016. (See **Exhibit B,** ¶ 11; hereinafter "the Accident"). Plaintiff alleges that she was involved in the Accident with Patricia Duhalde near the intersection of N. Airport and E. 6th Avenue in Aurora, Colorado. (See **Exhibit B,** ¶ 11.)

8. Plaintiff's claims against Defendant assert three claims for relief: (1) Breach of Contract; (2) Bad Faith Breach of Insurance Contract and (3) unreasonable delay or denial under C.R.S. 10-3-1115 and 10-3-1116.

9. Plaintiff also seeks from Defendant attorney fees and two times the covered benefits. (See, **Exhibit B**, **,** ¶¶30 and 32)

10. According to Plaintiff's Complaint she was seriously injured in the accident, was taken by ambulance to the emergency room following the accident and continues to receive treatment caused by collision. (See **Exhibit B,** ¶ 11.)

11. Plaintiff claims that she has suffered losses and damages, both economic and non-economic including deprivation of insurance benefits; emotional stress; anxiety; upset; anger; loss of enjoyment of life; physical harm and impairment; attorneys' fees and expenses. (See **Exhibit B,** ¶ 25.)

12. When the complaint itself does not set forth the amount of damages, the defendant must establish the amount in controversy by a preponderance of the evidence. *WBS Connect, LLC v. One Step Consulting, Inc*. L 4268971, 2 -3 (D.Colo. 2007). Defendant must set forth in the notice of removal the underlying facts that demonstrate that the amount in controversy is greater than $75,000. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

13. Besides the Complaint, there is other documentation a defendant may rely on for the basis of jurisdiction. *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008). A plaintiff's proposed settlement demand is reasonable evidence of the amount in controversy if it reflects a reasonable estimate of plaintiff's claim. *Id*. While the use of a settlement demand at trial is impermissible, the court may consider such a demand when deciding this jurisdictional question. *Id*.

14. On February 2, 2018, Plaintiff made a demand to Allstate, indicating Plaintiff had medical expenses in excess of $42,000, and seeking the policy limits in settlement. (See, **Exhibit E**, February 2, 2018 Demand Letter.)

15. At all times relevant to this action, Plaintiff was insured under a policy issued by Defendant with coverage for uninsured/underinsured motorist benefits with limits of $100,000 per person/$300,000 per accident.

16. Plaintiff and Defendant do not agree on the value of Plaintiff's claim for benefits.

17. Pursuant to the Colorado Court of Appeals case, *Hansen v. American Family Mut. Ins. Co.*, 2013WL6673066, (Colo.App. 2013), if Plaintiff proves her damages are equal to or exceed her $1,250,000 policy limits, and those benefits were unreasonably delayed and denied, she is entitled to collect the policy limits of $100,000, plus two times the covered benefit, equaling a total of $300,000. Thus, pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116, Plaintiff's allegation that Defendant has delayed or denied the payment of benefits without a reasonable basis meets the jurisdiction threshold on its own.

18. Attorney's fees may be used in calculating the necessary jurisdiction amount in a removal proceeding when recovery is permitted by statute. *See, Jones v. American Bankers Ins. Co. of Florida*, 2011 WL 2493748, *4 (D.Colo. 2011).

19. Plaintiff's Civil Case Cover Sheet also indicates her claim seeks a monetary judgment for more than $100,000.00 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs. (See, **Exhibit D**, District Court Civil Case Cover Sheet.) The Tenth Circuit has held that the District Court Civil Case Cover Sheet is sufficient to give notice that the amount in controversy exceeds $75,000. *Paros Properties LLC*

*v. Colorado Cas. Ins. Co.*, No. 15-1369, 2016 WL 4502286, at *6 (10th Cir. Aug. 29, 2016) ("There is no ambiguity in the cover sheet. And we see no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding (whether or not simplified procedures will apply)."

20. Once the facts have been established, uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal. Only if it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendants) will be less than the jurisdictional floor, may the case be dismissed. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006)).

21. Jurisdiction of the Court is properly based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

22. Pursuant to 28 U.S.C. § 1441(a), this Court is the appropriate court for filing Notice of Removal from the District Court of Arapahoe County, Colorado, where the State Court case is currently pending.

23. The State Court case is on which may be removed by Allstate pursuant to 28 U.S.C. § 1441(a).

24. This Notice of Removal is filed within thirty (30) days of service of the Complaint on Allstate on July 5, 2018 and is timely under 28 U.S.C. § 1446(b)(1).

25. Pursuant to D.C.Colo.LCIVR 81.1, the undersigned certifies that as of the date of this filing, no hearing has been set in the State Court case.

26. Pursuant to 28 U.S.C. § 1446(d) and D.C.Colo.LCIVR 81.1, this Notice of Removal has been sent to all other parties in this action and has been filed with the State Court clerk's office. Within fourteen days of the filing of this Notice of Removal, Defendant will file a current state court docket sheet (register of actions) and will separately file any pending motion, petition, and related response, reply and brief. Copies of the state court Complaint, Civil Case Cover Sheet ad any Answers or Returns of Service, or orders served upon Defendant are submitted contemporaneously with this Notice pursuant to 28 U.S.C. § 1446(a).

**WHEREFORE**, Defendant requests that the above-entitled action be removed from the Arapahoe County District Court to the United States District Court of Colorado.

DATED: July 26, 2018

Respectfully submitted,

By: *s/ Kurt H. Henkel*

Kurt H. Henkel
Cheri R. Lazar
TUCKER HOLMES, P.C.
Quebec Centre II, Suite 300
7400 East Caley Avenue
Centennial, CO 80111-6714
Phone: (303) 694-9300
Fax: (303) 694-9370
E-mail: khh@tucker-holmes.com and crl@tucker-holmes.com
*Attorneys for Defendant Allstate Fire and Casualty Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2018, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Jason W. Jordan
Law Offices of Jason W. Jordan, LLC
5445 DTC Parkway, Suite 910
Greenwood Village, CO 80111
jason@jordanlegal.net
*Attorney(s) for Plaintiff*

Robert J. Manning
Manning Law
7535 E. Hampden Ave., Suite 351
Denver, CO 80231
Robert@ManningLaw.US
*Attorney(s) for Plaintiff*

*The duly signed original held in the file located at Tucker Holmes, P.C.*

*/s/ Kurt H. Henkel*
Kurt H. Henkel