| | |
|---|---|
| **DISTRICT COURT, ARAPAHOE COUNTY, STATE OF COLORADO**<br>7325 S. Potomac Street<br>Centennial, CO 80112<br>_____ | DATE FILED: June 19, 2018 3:04 PM<br>FILING ID: 8F6B1AFFE0CA3<br>CASE NUMBER: 2018CV31449 |
| **Plaintiff:**  LUZ BUITRAGO<br><br>**v.**<br><br>**Defendant:**  ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY<br>_____<br>*Attorneys for Plaintiff:*<br>Jason W. Jordan, Atty. No. 37263<br>Michael S. Douglass-Harris, Atty. No. 43916<br>**JORDAN LAW**<br>5445 DTC Parkway, Suite 1000<br>Greenwood Village, CO 80111<br>Phone: (303) 766-8153<br>Fax: (303) 766-5568<br>jason@jordanlaw.com<br>michael@jordanlaw.com<br><br>Robert J. Manning, Atty. No. 43090<br>**MANNING LAW**<br>7535 East Hampden, Suite 351<br>Denver, CO 80231<br>Phone: (720) 515-3191<br>Fax: (720) 210-9895<br>robert@manninglaw.us | ▲ **COURT USE ONLY** ▲<br>_____<br><br>**Case Number:**<br><br>**Division:** |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, Luz Buitrago, by and through her attorneys, **JORDAN LAW** and **MANNING LAW**, for her Complaint and Jury Demand against Defendant Allstate Fire and Casualty Insurance Company, ("Allstate"), states and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a resident of Arapahoe County, Colorado.

2. At all times material hereto, Allstate was and is a company duly licensed and

authorized to conduct business in the State of Colorado.

3. The occurrences that give rise to Plaintiff's claims against Allstate occurred in Colorado.

4. Pursuant to C.R.S.A. § 13-1-124(1)(a) and (b), this Court has personal jurisdiction over Allstate as the Defendant contracts, conducts business and has committed tortious acts within the State of Colorado.

5. Pursuant to the Art. 6 § 9 of the Constitution of the State of Colorado this Court has subject matter jurisdiction over this action because it involves a civil matter, and the amount in controversy exceeds $15,000.00.

6. Allstate's registered agent is located within Denver County.

7. Pursuant to C.R.C.P. 98(c), venue is proper in this county, which Plaintiff designates as the place of trial of this action.

## **GENERAL ALLEGATIONS**

8. Plaintiff was a named insured of Allstate, under a policy of insurance which provided Underinsured Motorist ("UM") and Uninsured Motorist ("UIM") benefits, policy number 964 476 634, (the "Policy").

9. Under the above-referenced policy of insurance, Defendant Allstate contracted to provide Plaintiff with UM/UIM coverage in the amount of $100,000.00 per person, $300,000.00 per incident.

10. Prior to the precipitating motor vehicle collision, Plaintiff paid an insurance premium to Allstate for the above-mentioned coverages and policy of insurance. Allstate accepted the premium payment with the promise that it would provide the coverages stated in the policy of insurance and in accordance with the requirements of Colorado law.

11. On January 19, 2016, Plaintiff was seriously injured in a collision caused by the negligence of Patricia Duhalde near the intersection of N. Airport Blvd and E. 6th Avenue in Aurora, Colorado. Plaintiff was taken by ambulance to the emergency room following the collision and received treatment. Plaintiff continues to receive treatment caused by the collision.

12. Ms. Duhalde provided information at the scene of the collision listed her insurer as Geico, policy number 4381731878. After contacting Geico, it was discovered that Ms. Duhalde's policy was not in force on the date of loss.

13. Therefore, Ms. Duhalde therefore did not carry any insurance coverage at the time of the collision through Geico, was not insured through any other liability policy that would provide coverage, and was an uninsured motorist as defined under the terms of Plaintiff's UM/UIM contract with Defendant Allstate.

14. As such, Plaintiff is entitled, under the contract for uninsured/underinsured motorist benefits coverage with Defendant, to receive from Defendant Allstate any and all compensatory damages to which Plaintiff would have been entitled to recover from the at-fault tortfeasor Ms. Duhalde.

15. Plaintiff has been unable to settle her uninsured motorist claim with Allstate to date due to Allstate's hereinafter delineated breaches of contract and unreasonable delay and denial of benefits owed under the Policy.

## FIRST CLAIM FOR RELIEF
### (*Breach of Contract Against Defendant Allstate*)

16. Plaintiff incorporates all allegations of this Complaint as if fully set forth herein.

17. The Policy constitutes a contract of insurance.

18. Plaintiff has duly performed or satisfied each and every covenant and/or condition of the Policy, or has been excused from so performing as a result of Defendant's material breaches of the Policy.

19. By its actions, as described above, Allstate has breached the Policy.

20. Allstate's breach has caused Plaintiff to suffer damages in amounts to be proven at trial.

## SECOND CLAIM FOR RELIEF
### (*Bad Faith Breach of Insurance Contract Against Defendant Allstate*)

21. Plaintiff incorporates all allegations of this Complaint as if fully set forth herein.

22. Allstate, as Plaintiff's insurer, owed her a duty of good faith and fair dealing.

23. Allstate breached its duty of good faith and fair dealing by numerous unreasonable acts and omissions, which include, without limitation, the following:

   i. Forcing Plaintiff to retain legal counsel to protect her rights, including recovery of amounts due under the Policy;

   ii. Refusing to pay Plaintiff's claim without conducting a reasonable investigation based upon all available information;

   iii. Misrepresenting pertinent facts and insurance policy provisions relating to coverage;

   iv. Engaging in conduct prohibited by CRS §§ 10-1-101 and 10-3-1104(1)(h);

     v.     Failing to promptly pay Plaintiff's insurance claim;

     vi.     Depriving Plaintiff of the benefits and protections of the contracts of insurance;

     vii.     Placing its interests above those of its insured;

     viii.     Other conduct to be discovered in the course of these proceedings.

24. Allstate knew that its conduct was unreasonable or recklessly disregarded the fact that its conduct was unreasonable.

25. Allstate's bad faith breach of the Policy proximately has caused Plaintiff to suffer harm, losses, and damages, both economic and non-economic, in amounts to be proven at trial, including, by way of example but not limitation: deprivation of insurance benefits; emotional stress; anxiety; upset; anger; loss of enjoyment of life; physical harm and impairment; attorneys' fees and expenses incurred in challenging Allstate's conduct; and other economic and non-economic harm, damages, and losses as may be proven at trial.

### THIRD CLAIM FOR RELIEF
### (*Violation of and Relief Pursuant to C.R.S. §§ 10-3-1115 and -1116 Against Defendant Allstate*)

26. Plaintiff incorporates all allegations of this Complaint as if fully set forth herein.

27. C.R.S. § 10-3-1115 forbids an insurer from unreasonably delaying or denying payment of a claim for benefits owed to or on behalf of a first-party claimant.

28. Plaintiff is a first-party claimant under § 10-3-1115.

29. Allstate has delayed and denied Plaintiff's claim without a reasonable basis within the meaning of § 10-3-1115.

30. C.R.S. § 10-3-1116 provides that a first-party claimant whose claim has been unreasonably delayed or denied by an insurer may bring an action in a Colorado district court to recover reasonable attorneys' fees and court costs, and two times the covered benefit.

31. Allstate's actions, as described above, violate § 10-3-1115, as the insurer has unreasonably delayed and denied payment of benefits owing to Plaintiff under the terms of the Policy.

32. Plaintiff brings this claim to recover her reasonable attorneys' fees and court costs, and two times the covered benefit, pursuant to § 10-3-1116.

**WHEREFORE**, Plaintiff, Luz Buitrago, respectfully requests that judgment be entered in her favor and against Defendant, Allstate Fire and Casualty Insurance Company, as follows:

     a.     For compensatory economic and non-economic damages in amounts to be proved

at trial;

    b.    For all interest, statutory or moratory, allowed by law;

    c.    For reasonable attorneys' fees and costs of suit herein; and

    d.    For such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated this 19th day of June 2018.

Respectfully submitted,

**JORDAN LAW**

*s/ Jason W. Jordan*
Jason W. Jordan
Michael S. Douglass-Harris

**MANNING LAW**
Robert J. Manning

*Attorneys for Plaintiff*

**Plaintiff's Address:**
2420 S. Fundy Circle
Aurora, CO 80013

5